Filed 6/10/14  McDaniel-Guthrie v. Mechanical Analysis/Repair CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| ANGIE M. MCDANIEL-GUTHRIE, | C071425 |
| Plaintiff and Appellant, | (Super. Ct. No. 39-2012-00277983-CU-JR-STK) |
| v. | |
| MECHANICAL ANALYSIS/REPAIR, INC., | ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |
| Defendant and Respondent. | |

THE COURT:

It is ordered that the opinion filed herein on May 22, 2014, be modified as follows:

1.      In the paragraph on page 1, omit the citation to Labor Code section 201 and replace it with a citation to Labor Code section 202.

1

2. Omit the second paragraph on page 2 and replace it with the following paragraph:

Plaintiff's right to commissions is governed by the terms of her commission agreement with Martech. (*Nein v. HostPro, Inc.* (2009) 174 Cal.App.4th 833, 853.) At trial, the parties stipulated the commission agreement granted plaintiff her commissions on three conditions: first, she was entitled to receive 20 percent of the final gross profit for the accounts of the customers she secured as her commission; second, her commission was payable on the first payroll of the third month after the customer invoice was created; and third, her commission was payable on paid invoices only. Plaintiff was not entitled to receive commissions until all of those conditions had been satisfied.

3. Omit the last paragraph on page 2 and replace it with the following:

The express language of the commission agreement contradicts plaintiff's understanding, and it governs here. (*Nein v. HostPro, Inc., supra,* 174 Cal.App.4th at p. 853.) Plaintiff's receipt of commissions was conditioned on Martech determining final gross profit from the invoice, receiving payment on the invoice from the customer, and paying the commissions on a set schedule. Except for a commission on an ongoing contract, Martech paid plaintiff all of her earned commissions according to these conditions.

Plaintiff admits she was not entitled to commissions until at least the customer paid its invoice, but she contends the condition she receive payment of her commission according to the set schedule (payment on the first payroll of the third month after the invoice was created) violates Labor Code section 202's requirement to pay all wages on the last day of employment and subjects Martech to wait penalties under Labor Code section 203. In this instance, we disagree with her contention.

2

Plaintiff's argument fails to recognize that one of the conditions precedent under her commission agreement to receiving a commission was the calculation of *final profit* on the paid invoice. This calculation included not just the customer's payment of the invoice, but also a determination by Martech of its costs in servicing that customer. At trial, Martech's controller stated final profit generally could not be determined until the third month after the invoice had been issued. By then, Martech had received payment and it had incurred most of its costs. That is why it amended its commission agreement to condition payment of commissions on both receipt of payment from the customer and not paying commissions until the third month after the invoice had been issued.

"In sum, cases have long recognized, and enforced, commission plans agreed to between employer and employee, applying fundamental contract principles to determine whether a salesperson has, or has not, earned a commission." (*Koehl v. Verio, Inc*. (2006) 142 Cal.App.4th 1313, 1331.) Applying those principles here, we conclude the commission agreement included the payment schedule as a condition precedent to receiving a commission, and plaintiff did not earn a commission until at least the third month after the invoice had been issued. Accordingly, Martech was not required under Labor Code section 202 to pay plaintiff her commissions any sooner than it did, and it is not subject to wait penalties under section 203.[1]

---

[1]     Plaintiff relies on an opinion letter of the Division of Labor Standards Enforcement that concluded Labor Code section 202 prohibited a company from waiting to process commissions for terminated employees according to its customary process and schedule once the commissions were earned. (DLSE Opn. Letter No. 1999.01.09.) The opinion letter does not apply here, as the company's practice in that matter was an unwritten policy, while Martech's schedule was a condition precedent under the commission agreement to earning a commission.

3

This modification does not change the judgment.

The petition for rehearing is denied.


THE COURT:



      NICHOLSON      , Acting P. J.



      MAURO      , J.



      DUARTE      , J.

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| ANGIE M. MCDANIEL-GUTHRIE, | C071425 |
| Plaintiff and Appellant, | (Super. Ct. No. 39-2012-00277983-CU-JR-STK) |
| v. | |
| MECHANICAL ANALYSIS/REPAIR, INC., | |
| Defendant and Respondent. | |

Plaintiff Angie M. McDaniel-Guthrie contends her former employer, defendant Mechanical Analysis/Repair, Inc. (Martech) violated state labor law by purportedly not paying her on her last day of work all of the commissions she had earned up to that day. Although all of the commissions were subsequently paid except one on an ongoing contract, she asserts the failure to pay on her last day of work entitles her to penalties for the time she had to wait to receive her commissions (Lab. Code, §§ 201, 203), and that Martech must also pay a commission to her on the ongoing contract.

1

A hearing officer for the Labor Commissioner determined Martech had paid plaintiff all commissions owed her in a timely manner under the commission agreement between plaintiff and Martech, and she denied plaintiff's wage claim. Plaintiff appealed her claim to the trial court, and that court affirmed the Labor Commissioner's decision. We, too, affirm the decision and find plaintiff is to take nothing ($0) on her claim.

Plaintiff's right to commissions is governed by the terms of her commission agreement with Martech. (*Nein v. HostPro, Inc*. (2009) 174 Cal.App.4th 833, 853.) At trial, the parties stipulated the commission agreement granted plaintiff her commissions on three conditions: first, she was entitled to receive 20 percent of the final profit for the accounts of the customers she secured as her commission; second, her commission was payable on the first payroll of the third month after the customer invoice was created; and third, her commission was payable on paid invoices only. Plaintiff was not entitled to receive commissions until all of those conditions had been satisfied.

Plaintiff understood the commission agreement to mean commissions were earned upon issuance of the invoice, and that when the customer paid the invoice, she would be paid her commission. So when she quit effective June 17, 2011, she expected a check in her hand for commissions from all paid invoices she had procured in April, May, and June of 2011, even though they were not payable to her until the third month after the invoice was created. For those invoices that had not yet been paid, she expected a check the moment they were paid.

The express language of the commission agreement contradicts plaintiff's understanding, and it governs here. (*Nein v. HostPro, Inc., supra,* 174 Cal.App.4th at p. 853.) Plaintiff's receipt of commissions was conditioned on Martech determining final gross profit from the invoice, receiving payment on the invoice from the customer, and paying the commissions on a set schedule. Except for a commission on an ongoing contract, Martech paid plaintiff all of her earned commissions according to these conditions, and thus is not liable for any wait penalties.

2

The sole outstanding commission is derived from an ongoing contract involving work by Martech at Folsom Prison. The trial court correctly determined this commission was not yet due. At trial, the parties stipulated that plaintiff brought the opportunity for the Folsom Prison contract to Martech. Plaintiff procured the contract in March 2011, but Martech did not begin to issue invoices for the project until December 2011. The contract was scheduled to terminate on March 30, 2013. At trial in April 2012, plaintiff admitted the final gross profit on that contract was not known because the contract had not been completed. Thus, her commission could not be calculated under the formula established by the commission agreement, and it was not due and payable. Plaintiff nonetheless sought an estimated commission. Although Martech occasionally paid commissions on such ongoing or progressive jobs as each invoice was paid, it never paid commissions based on a project's estimated profits, and nothing in the agreement obligated it to do so. The trial court thus correctly determined it was impossible as of the time of trial to determine final gross profit on the Folsom Prison contract, and plaintiff's commission on that contract was not yet due.

Because plaintiff received all of the commissions to which she was entitled under the commission agreement when she was entitled to receive them, she is not entitled to wait penalties, and she is not entitled to any estimated commission on the Folsom Prison contract.

Plaintiff contends the trial court erred by ruling only on her claim for wait penalties for the Folsom Prison contract. Ruling on plaintiff's motion for new trial, the trial court stated it had been unaware plaintiff was seeking a remedy against contracts other than the Folsom Prison contract, but it determined plaintiff had suffered no prejudice as evidence of the other contracts had been submitted and considered, and plaintiff had properly received all of her commissions on those contracts according to the terms of the commission agreement. Plaintiff thus suffered no prejudicial error.

3

Under a separate notice of appeal, plaintiff contends the trial court erred by awarding attorney fees to Martech under Labor Code section 98.2, subdivision (c). That statute requires a trial court to award attorney fees if the party appealing from a Labor Commissioner's decision is unsuccessful. An employee is unsuccessful if the court awards no recovery ($0) to her.[1]

Plaintiff asserts she was not unsuccessful because the stipulation made at trial, that she brought the opportunity for the Folsom Prison contract to Martech, was an award to her on her appeal from the Labor Commissioner of an amount greater than zero. The stipulation was not such an award. Plaintiff was already entitled to a commission on the Folsom Prison contract according to the terms of her commission agreement. The stipulation did not add anything to that fact. Plaintiff received no recovery on her claim, and the trial court correctly granted attorney fees under Labor Code section 98.2, subdivision (c).

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to Martech. (Cal. Rules of Court, rule 8.278(a).

      NICHOLSON      , Acting P. J.

We concur:

      MAURO      , J.

      DUARTE      , J.

---

[1]    Labor Code section 98.2, subdivision (c), reads: "If the party seeking review by filing an appeal to the superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal. An employee is successful if the court awards an amount greater than zero."

4